[No. 19859.   Department Two.   July 14, 1926.]

Dorothy W. Ament, *Appellant*, v. E. L. Bickford, *Respondent*.[1]

[1] Injunction (49)—Protection of Water Rights—Complaint —Sufficiency.  A demurrer to a complaint for an injunction against interference with water rights is erroneously sustained where it appears that the plaintiff had bought a water right which became part of the land and that the defendant is interfering therewith.

Appeal from a judgment of the superior court for King county, Douglas, J., entered January 8, 1926, dismissing an action for an injunction, upon sustaining a demurrer to the complaint. Reversed.

*Vince H. Faben,* for appellant.

*Robert A. Devers,* for respondent.

[1] Mackintosh, J.—The demurrer should not have been sustained to the complaint, from which, with the

¹Reported in 247 Pac. 952.

contract incorporated therewith, it appears that the predecessor in title of the respondent, in 1912, sold to the predecessor in title of the appellant a parcel of land. (Hereafter the respondent and appellant will be treated as the original parties to the deed and contract, the complaint sufficiently alleging the succession in interests.) Coincidently and according to the contract, "as a part of the consideration of said purchase price and as a contract running with the land," the respondent conveyed a perpetual right to an amount of water definitely measured, and the appellant agreed to pay annually a definitely ascertainable amount for the use of the water system from which the water originated. After many years of observance of the contract, the complaint says that, in 1925, the respondent interfered with the appellant's rights and has destroyed the water connections and shut off the supply. This is alleged to have caused a situation calling for injunctive relief. Taking the complaint as true, and giving to it the presumptions accorded such a pleading when assailed by a general demurrer, the result must be that the judgment be reversed. The appellant bought a water right which was intended to, and did, become a part of the land. This right is being trespassed upon, and the appellant should be protected from such acts.

Justification for the judgment is sought in the argument that (1) the contract does not state the amount of water to which the appellant is entitled. True, the amount is not measured by quarts or inches, but is readily ascertainable by simple mathematical process. (2) That there is no contractual relation between the appellant and respondent, and therefore the respondent has violated no duty. The complaint is clear enough that the parties to the action have acquired and

assumed the benefits and burdens of the contract, and, even if this were not true, the respondent could not do the things charged against him, for a total stranger to the contract could not thus invade the appellant's property. (3) That the covenants are merely personal. The contract did more than create covenants; it transferred property. (4) That there is no provision that the water should be used on any particular land. The contract puts the water right on the land conveyed and described. (5) That the deed is dated in June and the contract in July, and that a contract to run with the land cannot be created with a title already passed. The soundness, if any, of this argument is destroyed by examination of the two instruments which show that they were executed at the same time. (6) That there is no allegation that respondent knew of the contract when he bought the land upon which the water is originated. Sufficient allegation of notice of the appellant's rights is made, if notice to the respondent is necessary. (7) That the contract was void and unenforcible. This claim is based on the contention that the water owned by the grantor was subject to regulation by the public service commission. Laws of 1911, p. 538 [Rem. Comp. Stat., § 10339]. No merit is found in this claim, for the purchase was not of water from a water system, but of a certain definite water right. If the respondent's theory were correct, every owner of a water right in the state might be subject to regulation by the public service commission. (8) That the court is without original jurisdiction. This argument is founded on the same fallacy that the appellant's rights are subject to departmental control.

Reversed with instructions to overrule the demurrer.

TOLMAN, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.